May it please the court. Good morning. There are two undisputed points that serve as a sort of basis, I think, for this argument. The first is that on the date when the complaint in this case was filed, the plaintiff, Kenneth House, had passed away. That's undisputed. Due to the unfortunate facts surrounding his passing, his wife, Mrs. House, was not notified that he had passed until the actual day when the complaint was filed, which was the final day of the statute of limitations to file the lawsuit. And by the time that she contacted counsel to notify counsel that he had passed away, there was only a few hours left to actually file the lawsuit. So it was a very unfortunate situation. The other undisputed point is that under Maryland law, for the discrimination claim that Mr. House was entitled to, that is also undisputed, and it was not brought in the name of the personal representative of Mr. House's estate. The question is whether the trial court abused its discretion by dismissing the case rather than allowing for the substitution of the estate of Kenneth House as the, or the personal representative of the estate of Kenneth House as the proper plaintiff. And we believe that Rule 17A3 directly addresses this situation through the plain language of the rule. Can I get you to, before you get to 17, at the time the lawsuit was filed, how could Mr. House, in his name, not a personal representative, have received redress from this lawsuit? How could Mr. House have received redress after he had passed away? Yes, sir. Well, he's passed away, so he cannot receive redress. His claim goes to his estate, and the estate can receive the redress on his behalf. That's the real party interest under Maryland law. Once he passes away, his estate is allowed to assume that claim. Maryland's survival statute provides that certain claims, like discrimination, survive the death of a party, a person, whereas other claims, I believe like defamation, do not survive the death of a party. So, and I understand, I understand that and agree with that, that this claim would survive, so there's an injury. I understand that the second element of standing would be met, and I understand it could be brought in the name of personal representative, but it was brought, did Mr. House, I mean, so your argument, I guess, is even though it was brought in his name, and he wouldn't have redress since he died, that we should look past that and apply Rule 17? Correct, because Rule 17A3 provides that upon the substitution of the correct party, the real party interest, the substitution relates back to the date of the filing. So, the district court decided the complaint was a nullity because it was filed in the name of a dead person, but Rule 17A3 gets around that by saying, no, once you've substituted in the real party interest, the correct party, that goes back to the moment when you filed the lawsuit, so the lawsuit was therefore filed correctly. But Rule 17, it seems it's usually used when there is an actual existing plaintiff, but for some reason that plaintiff doesn't have capacity to sue or is otherwise the improper party, and so then you substitute, you know, you have a real live plaintiff and a real live case, and then you make the substitution, but that seems very different from when there is in fact no existing plaintiff at the time the suit is filed. That doesn't seem to be, most courts at least have held that that is not what Rule 17 contemplates. Well, I don't think there's anything in Rule 17A3 at all, nothing in the plain language that would suggest that that is correct. There's nothing in the plain language that says that substitution is not allowed if the plaintiff who originally filed is deceased. Well, but I think the argument at least is that, well, it's sort of implied because there is no actual action into which you could make a substitution. There is nothing to substitute. There is no lawsuit because the plaintiff doesn't exist. I know it seems semantic, but I'm just trying to sort of state the logic of the reasoning of all of those many cases that have held you can't do this. Well, I don't think there are that many cases that have held that you can't do this. As I read Judge Russell's decision, he cited I believe four or five district court decisions, not a single circuit court decision or a Supreme Court decision or any law that suggested that this was the case. And those decisions I think were distinguishable, and I can get to that, but virtually all those decisions were distinguishable for two reasons that went against the purpose of Rule 17A3. We cited in our brief three cases that go the opposite way, including a Sixth Circuit decision, which I believe is basically exactly on point. It's a case where the person died. The complaint was filed in the name of a person who had died. The motion was made to substitute the estate for the personal representative of the estate. I can't recall, but one or the other, whichever one was the proper party in. And the Sixth Circuit addressed the issue and said the complaint was not a nullity. It was a nullity when it was filed. Your Honor, you are correct about that. But because the rule provides for the relation back to the moment when the complaint is filed, the rule provides a way to get around that issue. And when you look at the history of the rule, that makes sense. Because the history of the rule talks about it's the purpose of the rule is, number one, to avoid forfeiture of claims. Number two, to pursue the interest of justice. And in looking at the cases that you're referring to, the vast, vast majority of cases are cases where it was a living person, but just the wrong living person. Is there any instance in your view in which it would not relate back to the filing? Is there a scenario, under your interpretation, that would not permit what you described and we sort of colloquially refer to as relate back to the filing? I think, I don't, the language doesn't specifically have any exclusion. But I think if you look at the purpose and intention of the rule and several of the cases that were decided, including a couple of cases that Judge Russell relied upon, there is discussion about the issue of whether a claim would be forfeited or not. And at least, I believe, three of the five cases that Judge Russell relied upon in his decision were cases where, yes, the court said the original complaint was a nullity and we're not going to allow 1783 substitution. But the court said the personal representative is free to go file a new lawsuit because there was no forfeiture at issue in those cases. The other issue is that... Wait, so in other words, you're saying that it would not relate back in cases where it doesn't matter. That's another way of saying what you just said. I'm not saying it wouldn't, but I'm saying that would be a situation where I could see perhaps a court drawing a guideline and saying... Well, if it doesn't matter, then let them do whatever. Right, because the law specifically in the advisory committee notes talks about the issue of forfeiture of a claim as one of the purposes of the rule. So if there is no forfeiture of the claim, then I think a judge would then have discretion to say the better route is to have you file a case. What other possible, other than it doesn't matter, what other principle would limit relation back? In your view, understanding, sort of taking your view as a given, are there any other limitations that would... I think there are two that I can think of. And I'm not saying, again, that I would say that these automatically apply, but I think in looking at an abuse of discretion for a trial judge where the rule specifically says that the trial judge may not dismiss without allowing for the substitution, I think two additional situations that would come up would be, number one, where the original claim filed by the deceased plaintiff was the wrong claim. So in three of the cases that Judge Russell relied on, that was another fact that was important. And the Esposito case in the Sixth Circuit made a point of that in distinguishing a couple of the cases that Judge Russell relied upon and said, in those cases, not only was the named party deceased, but the claims that were brought were the wrong claims that could not be revived. So in some states, you know, let's say it was a defamation claim and it was in Maryland. You wouldn't be able to revive that claim. So if you had brought a defamation claim and you said, well, we'd like to substitute in the personal representative, a court would be perfectly within its rights to say no because... So one is it doesn't matter. Two is you got other problems. And the third issue would be, again, what the advisory committee notes say is that, or I think it's in the advisory notes, or it may be in one of the cases that Judge Russell cited or the other cases, but the idea that if there was not a valid reason for the mistake, if it was not an honest mistake or a reasonable mistake, in the Esposito case, and I believe also in the advisory committee notes, it specifically talks about how this rule should apply in situations where it's difficult to determine who the proper plaintiff should be, or where an honest mistake or a reasonable mistake, I think the word was understandable mistake, is made. That's exactly what happened here. There was no estate created. There was no personal representative that had been appointed. We had no idea who the personal representative was. Unfortunately, Mr. House passed away in California at a treatment center. His wife wasn't notified until two days later. We hadn't even found his will. This is the perfect situation. And frankly, when I read Judge Russell's decision, I was concerned because what he seemed to be saying was, well, if you would file this in the name of a live person, then we'd be fine. So was I supposed to just pull a person out of a hat, name his wife or his child? Well, isn't that what Maryland law says you're supposed to do, try to find someone who might plausibly be the personal representative of the estate and go ahead and in good faith name that person? I don't believe it says that at all. Okay. I read that the statute, the trust and estates provision that was cited in the appellee's brief, and I don't read it to say that at all. But that seems like it would have been a logical thing to do. So let me – Well, we could have done that. Right. You know, we could have – the rules and a couple of the cases talk about, well, you can't use a fictitious person. I think there's a case where they use John Doe. I'm not suggesting that. I'm suggesting you take a look around and figure out probably the wife will be the personal representative. Let me go with that. Right, but it wasn't. As it turned out, that wasn't the right person, and we would have never known who the right person was because it was in the will. Oh, my God. But at least you – no, no, go ahead. So I want to go back to the rules. It seems to me there's a first issue of is there standing or is there a nullity? And you – and I'm putting that aside. If you look at Rule 17, Judge Harris talked about the word action, which seems to suggest there's some existing action to begin with. Then you look at Rule 25, which talks about substitution. It has a – it talks about death, and this sort of situation isn't covered by that. True. And then you look at the rules of appellate procedure, both our local rules and the federal rules, and the substitution event of death really doesn't seem to apply to any of those. So, you know, I understand your argument in terms of kind of equities and things like that, but is another way of looking at that that the rules that we're supposed to operate under don't provide for the relief you're seeking? And we can debate whether that's good policy or related to standing or some other issue, but we're almost having to adopt unconventional or strained readings of almost every rule in order to get the result you're seeking to have us give you. Well, I don't believe we have to go that far. I do agree with you. Rule 25, Rule 15, the federal appellate rules, none of those rules address this specific situation. I mean, let's consider how rare this situation is. Out of the hundreds of thousands or possibly millions of lawsuits that have been filed, literally I was able to find three cases that allowed the substitution. And appellees' counsel and Judge Russell total cited, I think, five or six cases, all of which were district court cases. It's an extreme – and I've run out of time. Can I answer the question? Yeah. Thank you. It's an extremely rare situation. I think that's true. But I don't think that we need to look beyond the plain language of Rule 1783. There's nothing in that plain language that does not apply to this situation. And the Sixth Circuit, in their decision, specifically relied on that. They said the rule applies, the rule relates back, and that gets rid of the whole nullity argument. Counsel, can I ask you one last question before we lose you? Yes, ma'am. I do want you to address the jurisdiction question that Judge Quattlebaum started with. I don't want you to sit down without talking about that because I have to confess, it's not obvious to me why a deceased person would have Article III standing, why the case wouldn't be right, why there's not a lack of redressability. Because we know that jurisdiction is measured at the time the suit is filed, right? There's no kind of relating back to fix a jurisdictional problem. So can you just explain to me, in sort of common sense terms, how a deceased person has a concrete stake in the outcome and why the deceased person's injury can be remedied? Well, I mean, I would rely on exactly the reasoning of the Sixth Circuit, which is that the statute specifically says that when the substitution takes place. If we have a jurisdictional problem, the rules can't fix that, right? They can fix that because if you relate back to the moment when the complaint was filed, then there is no jurisdictional problem anymore. Okay. You've cured the jurisdictional problem. That's what the Sixth Circuit said in that case was that there is no jurisdictional problem because the relation back takes you back to the moment that the lawsuit was filed. So what we have to do is we'll see was there jurisdiction over the personal representative and does the personal representative have a legal interest in pursuing the case because at the moment it was filed, it's filed in that party's name, not Mr. House's name. I think that's the purpose of the statute is for these types of situations. I don't think it's any different than a situation where a case is filed in the name of a corporation, Rappahannock Oyster Company, Inc., and it turns out that the actual proper name is Rappahannock Oyster Company, LLC, and there is no Rappahannock Corporation, Inc. Does that mean that the case was a nullity? No. The courts allow for the substitution and the correction of the name. But that is a mistake in the name of the corporation. I understand that example, and it may have some appeal, but it's a different situation because there was a corporation that existed. We just got the name wrong. That's different than filing the name, the lawsuit in the name of someone who doesn't exist, regardless of whether you didn't put the O in the name when you filed it. Well, they exist through their estate and through the personal representative, and those continue from the moment of death, and I don't see any reason why they can't relate back once the personal representative is then put into the case as the plaintiff. Thank you. Thank you. May it please the court. Good morning. I'm Bruce Marenstein on behalf of the Appali Mitra. The court's questions that you left off with were precisely where I was going to start. The problem with plaintiff's argument is that it's conflating two separate issues, the real party and interest under Rule 17, which is a rule of civil procedure, not a statute, and Article III standing. And, in fact, this court just a couple months ago addressed that issue, not in the exact same context as this case, but addressed that precise issue and explained how a district court had erred in finding that a putative plaintiff did not have Article III standing, when really what it meant was that that party, which was a debtor who had gone through bankruptcy, that she wasn't the real party in interest. And the court explained in this decision, which is Marchenau v. Weir, and I can give the court that citation, which I'm sure you have, is 934F3385, and that's this court's decision from August 12th of this year. The difference is that Article III standing, and, again, I realize the panel understands this from the questions that were being asked of my friend, is that Article III standing is a prerequisite to addressing the real party in interest in substitution and amendment under Rule 17. In this case, and I mean no disrespect when I say these things, but that's what this case is about, a dead person filed the lawsuit. A dead person does not have an injury in fact that can be redressed through that lawsuit. So help me understand, so I'm glad you brought up Marchenau. I've had to ask you about how do I distinguish, help me understand how I distinguish between the problem being the real party in interest. Because there is a party in interest in this suit, right? It's the personal representative, whoever that might be. That is a real party in interest. There's a real claim, there's a real injury, and it is redressable for them. Now, they weren't there, but how do I distinguish between it being a redressability problem, an Article III problem, which you acknowledge here or describe here, and a real party in interest problem that we saw in the debtor context? In both scenarios, they look somewhat similar. I agree they are distinguished, but help me understand, how do you distinguish those two ideas? What's the difference between a plaintiff who lacks Article III standing and a plaintiff who's the wrong real party in interest? I think here there's a couple things that distinguish Marchenau and that answer your Honor's question. The personal representative, the estate of Mr. House, may have an interest in his ADA claim. They don't have an interest in this putative action because it was a malady from the start. There was no jurisdiction in federal court from day one. I understand that. That's the conclusion. But why, I mean, you could, in a sense, you might describe the debtor the same way, right? The debtor had no ability to bring that claim in federal court, just like the dead man. As this court actually pointed out in explaining the district court's error, the debtor who was the underlying injured party and was trying to assert essentially a tort claim, and again, the district court's view belonged to the estate or the trustee and not to the debtor, the debtor had been injured and could receive compensation and that injury could be redressed. It may turn out that that's substantive. So in Marchenau, so based on that distinction, if Marchenau was the opposite, so instead of the debtor bringing the suit and the real party in interest at inception being the trustee, if you flip that around, would you have the opposite problem? So in other words, if the trustee brought a claim that under bankruptcy rules was not properly assigned to the trustee but remained with the debtor, would that be a real person in interest, real party in interest problem, or would that be an Article III problem? That's sort of where I'm trying to go. I don't mean to pump, but I think it depends on the facts. I think if the facts show that the trustee on the face of the complaint can allege an injury to presumably the estate, not the trustee personally, to the estate, that would be redressable through a lawsuit, even if it turns out that, for example, as in Marchenau, this court concluded that, no, the claim always really was the debtor's claim because the trustee, I think, had given it up, had abandoned the claim, and so under bankruptcy law it belonged to the debtor. Even if that turns out to be the case, well, that's a real party in interest issue, and the debtor should be substituted for the trustee in that case. But the trustee has standing, and to state the obvious, the trustee in that hypo exists, is a living entity, is appointed by the court, et cetera. Same thing with the debtor. There was no question that the debtor was a living person. In most of the cases. Can I do one more, then I will turn it over? Sorry, I'll stop because I'll keep doing this. So accepting the sort of distinction that you've drawn, where within the Article III bucket do you place this as a problem? And so you can think about a couple possibilities, right, one being redressability. That's what Judge Kotelbaum talked about. Two is the need for adversarial parties. Might be another place within the Article III bucket that you might place it. We could talk about some others, but I'll leave you to answer the question of where would you place the Article III problem of a dead man filing a suit? I think redressability is probably number one. I think case or controversy. I mean, there's no controversy. And, again, I don't mean to sound flip in any way or disrespectful, but there's no case or controversy between my client, Mitra, and a dead person. I mean, there just isn't. I mean, there's nothing they could do. They can't litigate against a dead person. They can't, if they lose the case, they can't pay compensation. And that's why in modern law, under our modern law in Maryland where this case arises and elsewhere, there have been statutes that arise that have arisen and been enacted to deal with this situation. Under the common laws, I'm sure you know, claims like this just went away. And it was the simple thing. Once somebody died, any claim, not just, for example, defamation claims, went away. That's changed under modern jurisprudence. But the reason there's a whole system for dealing with that is because of the obvious fact that a dead person is not a legal entity that can bring a lawsuit. And I think that's true whether we're talking state or federal court. I think it has much more force in a case like this in federal court where we have Article III. I mean, some states, as we know, have more liberal rules for standing, allow for advisory opinions, and so forth. Not in federal court. So I think it's even more true in federal court that a party that does not exist, an individual, a human being who has passed away, does not exist, cannot bring a lawsuit, period, under Article III. I understand, I think, your Article III issue. And let me just kind of, maybe that's right. But if he had, you know, this may sound silly, and I'm not trying to be flippant either, but if he had filed a suit in the name of Santa Claus, well, maybe Santa Claus, I don't want to get an issue with anyone's children. If he had, you know, if he had filed a lawsuit. I'd have to call my wife and tell my kids not to listen to this argument. If he had just made up a person that existed, and just put a name of a live person, would he have standing at that point? He said, you know, John Brown. Substitute that for Mr. House. And he did that just to have the name of a live person. Would we have a standing problem there? I think you, yes, I think you would. So your argument would allow him to just make up a person's name, and put it in the complaint, and he gets past standing. Or did you? No, no, I'm sorry, Your Honor, I must have misspoke. No, no, I think that that's the same problem. I think that there's still a standing issue. If he files, if he just picks a name, you know, it's paralegal, a lawyer, you know, has to put a name in there, and he puts it in there as a placeholder and files that lawsuit. I think the answer is no. I think what, in Maryland law, I think provides, as Judge Harris asked counsel, but I think Maryland law provides a mechanism so that a claim like this, and that's just one, and I can get into others, but a mechanism. Where would the Article III standing in the complaint be the problem if he picked as paralegal? Well, because the paralegal hasn't been, well, really everywhere. They're not injured. But he's a legend, they are. Well, if the allegations are the same as in this case, so the paralegal, you know, Joan Smith, you know, by paralegal, and there's no question that that's who that is. And then the allegations in the complaint are that Kenneth House worked at this fast food place and that he was discriminated against on the basis of a disability, and he is alleging, you know, he filed with the EEOC as an allegation. I think that the paralegal certainly, there's no allegation the paralegal was injured. There's no allegation that the paralegal could, you know, get redressed through this lawsuit. I think if he had filed a lawsuit in the name of Mr. House's spouse, if he had a spouse or children, if the children were his heirs, and recited in the complaint that pursuant to Maryland law, in good faith, he's naming them because a personal representative has not been filed. Judging in good faith, he believes that they will be named. I think that those folks, just like the actual personal representative, when he or she is eventually appointed, has standing. And so that would have been the solution. Or when a personal representative was appointed, he certainly could have filed the lawsuit at that point and made an argument for equitable tooling if that was necessary, not conceding that it would have been valid, but there are steps that could have been taken that would not have been, as I think he claims in the brief, would have been fraud on the court. Your hypothetical, if he had tried that and hid the fact that this was really his paralegal and had no connection to Mr. House or this case, that would arguably be fraud on the court. It might be, but it might create, they might have different issues there. But I was trying to figure out if those were different issues or the same issues. I think it's the same issue. I think, you know, maybe you would call this one more excusable. It certainly, it wasn't a mistake. I mean, just to be clear, and I don't think you need to get there, because that's really when you get into a Rule 17 analysis. But, you know, I think it's on page 45 of the joint appendix. Counsel concedes that while he didn't have very much time, and I won't argue with that, he knew when he filed the lawsuit that Mr. House had passed away two days earlier. So does a mistake have to be a factual mistake like the name of someone spelling or whether it's got ink or company, does it have to be a mistake? Or can it be a mistake as to whether this was okay as a matter of, you know, a legal matter? Well, for Article III standing, I think that there is a real difference. I think a mistake because he believed that he could file a lawsuit in the name of a dead person and then change it later, I don't think solves the standing issue, absolutely. I think if the court decides that a dead person can file a lawsuit in federal court and you move on to the Rule 17 issue, I think at that point I think you have to parse what kind of mistake was there. And here I don't think it would be the kind of mistake that Rule 17 applies to. But, again, I don't think you need to get there, again, because it wasn't an honest or understandable mistake. He knew he was filing this on behalf of somebody who had passed away. But, again, I think the straightforward way to address this case is that somebody who has passed away, unfortunately, did not file a lawsuit in federal court. Can I ask you a question about appellate standing? Sure. I mean, it would follow, if you're right about that, that the decedent would not have standing to file this appeal. But isn't the personal representative or the estate also on the notice of appeal? Yes, and I don't know if the record reflects this, but we actually filed a motion to dismiss the lack of appellate jurisdiction. I think there's a couple problems, one of which goes to Your Honor's question. Mr. House, even aside from the fact that he doesn't have standing to bring the case into this report, if we assume that away for the moment, he clearly is not aggrieved by the court's final judgment. Again, not to be flippant, but nothing this court does can ever help him. So I don't think Mr. House had standing to file the notice of appeal. I don't think under this court's precedence the personal representative did either. I mean, yes, maybe it's the estate.  But no formal motion to intervene, to substitute, was ever filed by somebody representing the estate in the district court. They did not participate. The only thing that ever happened was they never filed a motion to substitute? I didn't understand that. No. The only thing that I believe the district court record reflects is that in response, I think approximately seven months after the lawsuit was filed and seven months after counsel was aware that Mr. House had passed away before the lawsuit was filed, in response to our motion for summary judgment, essentially counsel argued in his brief, that's not a problem, don't grant summary judgment, you can substitute. But no formal motion to intervene was ever filed. No formal motion to substitute was ever filed. So the personal representative or somebody else representing the estate never participated in any way in the court, didn't try to intervene. Is that this idea? We have this line of cases that you discussed, this non-party standing. Correct. And your point is that the first prong of that, that is that they participated below, has not been satisfied here. Yes, absolutely. Without getting to the sort of second part of the non-party standing analysis. Exactly. I think that's exactly what it is. And if they had moved to intervene and had been given status as an intervener, that would be different. If they had not been granted. But almost by definition, I mean, the non-party standing, almost by definition is applying to folks who did not intervene. Because if they intervene, they're now party. You know, they're parties to appeal, right? So it seems like an odd line to say, well, if they didn't intervene, and it seems like at least some of our cases have suggested where individuals participate below without intervening, that they might in particular circumstances have non-party rights to appeal. And that's why I was going to clarify, Your Honor, exactly that. It's essentially somebody who intervened or participated to an extent so that they're essentially, I think, in terms of privy to the parties, privy to the case and affected by the judgment. So a classic case would be somebody who objects to a class action settlement or some settlement because they have an interest in the case, but don't formally intervene, aren't a named party. Courts have traditionally, I don't know whether this court has a case on that, but I know there are circuit court cases saying in that case, that objecting party obviously has participated. If their objection is overruled, they want to take that up in the court of appeals. They have sufficient standing to raise that issue. And there may be other circumstances where a non-party who doesn't formally intervene sufficiently participates in the district court. Again, here there's nothing but legal argument when it comes to anybody besides Mr. House. In your view, sort of order of decision sort of analysis, we've got to address the Article III question before we address the appellate jurisdiction argument. Is that your position or do you think we could flip those? Could we address appellate jurisdiction without addressing Article III or is that sort of barred? I'll take either one, Your Honor. But tell me what I should do. Sorry. I think that the Article III precedes. I mean, if Mr. House, as we believe, and I think as the law is clear, did not have Article III standing, this case didn't exist from the start, and I think that that's where you should start rather than the court's appellate jurisdiction. It also clarifies the law in this circuit. Can I ask you just a follow-up on the appellate jurisdiction? And I'll ask your colleague on rebuttal too. I do understand that it was either the estate or the personal representative on the notice of appeal, but I don't actually see a brief from them. Are they here on appeal as you understand it? No. Our understanding is that, you know, the same counsel who represented Mr. House below is representing Mr. House and filed a brief on behalf of Mr. House and made all of the arguments essentially on behalf of Mr. House. That's certainly how we view the parties on appeal. Okay. If the court has no further questions, again, we'll urge the court to affirm. Thank you very much. Thank you. Can you start by just clarifying that for me, whether the estate is here on appeal or not? Well, I believe the estate is here on appeal through the personal representative. When we filed the notice of appeal, we filed it on behalf of Mr. House and the personal representative for the estate. They were named in the notice of appeal, and we listed them in the papers that we submitted to the court. We didn't put them in the caption because they had never been in the caption previously, so I didn't think it was proper to do that. I didn't think it would make any sense since they were not a party below. They were not allowed to become a party below. But they have participated below in that we requested that the trial court allow, pursuant to Rule 17A3, the substitution of the personal representative, and that was argued in the pleadings. Your colleague suggested there was not a motion that was more of an argument in the briefs. Could you respond to that? There was no formal motion. I think in the opposition to the motion to dismiss slash summary judgment motion that was filed by appellee, we stated, I think I even called it opposition to, or in the alternative motion to, substitute the personal representative. On that, I'm sorry, I can't remember this, and I can check. Did the district court, my memory is the district court said something about denial of substitution in some fashion, but can you address that, please? I think the district court simply said that because the complaint is a nullity, they didn't need to get to that. And that's part of why we felt it was an abuse of discretion. The court never got to any analysis under Rule 17A3 because the court decided that because the complaint was a nullity, it didn't need to do that. You know, I looked back at Esposito to see what specifically the Sixth Circuit said with relation to this Article III issue, and what the Sixth Circuit said was, we do find support in the federal rules for permitting substitution, notwithstanding Mr. Esposito's lack of capacity at the time the suit was filed. As the district court pointed out, nothing in Rule 17A requires the original plaintiff to have a capacity to sue. The fact is, Rule 17A does more than merely provide relation back. It provides that substitution, quote, shall have the same effect as if the action had been commenced in the name of the real party in interest. So in some ways, it is a... They're different ideas, right? Yes, yes. So that case is dealing with, like Martinette, is dealing with the real party in interest and or the capacity to sue, which are non-jurisdictional issues, where we're talking about a jurisdictional problem, right? You understand that those are different. I do. Okay. So why does that apply at all to Article III standing? Well, I think it's the same exact issue would have applied in the Sixth Circuit case. It wouldn't have been any different. And I think that because it has the same effect as if the personal representative was the original plaintiff, then we don't get to the Article III question. Can you do that in the jurisdictional context? I thought our rule was that jurisdiction has to be measured at the time the case is filed. You can't relate back to cure a jurisdictional problem, can you? Well, as the Sixth Circuit said, it's beyond relating back. I just don't remember. Was the Sixth Circuit talking about Article III jurisdiction? I don't think they specifically said Article III. Judge Russell never brought up Article III. Appellee's never brought up Article III. It's not mentioned in any of the briefs anywhere. Yes, but we are trying to figure out if this is an Article III problem. And so the fact that the Sixth Circuit didn't view it as a problem under Rule 17, I feel like doesn't quite go to that question. Well, I don't think it was specifically addressed as an Article III problem in that case. But I do think that to the extent that substitution would go back to the moment that the complaint was filed, it's like you're having a race to see, well, can we make a decision on Article III before we relate back to the moment that the complaint was filed, which is what Federal Rule 17A3 says. All right, but in March. How do you decide which one goes first? Which takes precedence? Article III takes precedence over Rule 17. I can tell you the answer to that question. Yeah, and to that point, the relation back, isn't that an issue that primarily is designed for things like statute of limitations? So it relates back for, and that's how I, and I'm not sure I have a case to say this, but just from experience, the relation back. I think that's normally correct. I'm going by the plain language of 17A3. It doesn't say relation back. It says shall have the same effect as if the same party filed the case from the beginning. So it resets the board. I don't know how you go and you file a case and you go through a discovery and you go through a whole case and then come back later and say, oh, well the case never existed from the beginning, even though there's a rule that specifically says we go back to as if the complaint had been filed in the proper name, party of the name. And I think that's exactly what the Sixth Circuit found and I think that's the correct result. Thank you. Thank you. All right. We will come down to Greek Council and then we'll be in recess. This honorable court stands adjourned until 3 p.m. today. God save the United States and this honorable court.
judges: Pamela A. Harris, Julius N. Richardson, A. Marvin Quattlebaum Jr.